CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 1 6 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LOUIS M. GOULET,<br>Petitioner, | )<br>)<br>) Case No. 7:05CV00438<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| GENE M. JOHNSON,<br>Respondent. | ) By: Hon. Glen E. Conrad<br>) United States District Judge |

Louis M. Goulet, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Goulet challenges the validity of his convictions in the Circuit Court for the City of Waynesboro. For the reasons set forth below, the court will dismiss Goulet's petition.

## BACKGROUND

On October 11, 2001, Goulet was convicted of possession of methamphetamine, possession of a firearm while possessing methamphetamine, and use of a firearm while attempting to commit the crime of abduction. Goulet was subsequently sentenced to a total term of imprisonment of eight years and six months.

Goulet appealed his convictions to the Court of Appeals of Virginia. On August 15, 2002, Goulet's petition for appeal was denied. That decision was adopted by a three-judge panel of the Court of Appeals on November 21, 2002. Goulet appealed the panel's decision to the Supreme Court of Virginia. On May 13, 2003, the petition for appeal was refused.

On October 2, 2003, Goulet filed a petition for writ of habeas corpus in the Circuit Court for the City of Waynesboro, in which he raised the following claims:

1. His trial counsel was ineffective for failing to introduce mitigating evidence at the sentencing hearing.

2. His trial counsel was ineffective for failing to impeach the testimony of investigating officers.

3. The evidence presented at trial was insufficient to support his conviction for use of a firearm while attempting to commit the crime of abduction.

The Circuit Court dismissed Goulet's petition on January 5, 2005. Goulet appealed the dismissal of his habeas petition to the Supreme Court of Virginia. On April 27, 2005, Goulet's petition for appeal was dismissed, because the petition failed to assign error as required by Supreme Court Rule 5:17(c).

On May 16, 2005, Goulet filed the instant petition, in which he raises the following claims:

1. The trial court erred in failing to instruct the jury that he could not be convicted of the firearm charge if he was acquitted of the abduction charge.

2. The trial court erred in admitting the petitioner's statement to the police, which was allegedly obtained without Miranda warnings.

3. Counsel was "ineffective [in] his representation to his client."

On October 26, 2005, the respondent filed a motion to dismiss the petition. Since the petitioner has now responded to the motion*, the petition is ripe for review.

## DISCUSSION

Having reviewed the record, the court agrees with the respondent that the petition must be dismissed. Even assuming that Goulet presented the substance of his current claims as part of his state habeas petition, as Goulet insists, the claims are procedurally defaulted because he failed to properly raise them on appeal to the Supreme Court of Virginia.

To present a claim to the Supreme Court of Virginia on appeal, a petitioner must include the claim in an assignment of error. Va. Sup. Ct. R. 5:17(c). The assignments of error must list "the

---

* On November 11, 2005, Goulet filed a response to the respondent's motion, which he styled a "motion for evidentiary hearing." Because the court concludes the petition may be adequately adjudicated on the basis of the existing state court records, Goulet's request for an evidentiary hearing will be denied.

2

specific errors in the rulings below upon which the appellant intends to rely." Id. Because Goulet failed to assign error in his petition for appeal, as required by Rule 5:17(c), the Supreme Court dismissed his petition.

The United States Court of Appeals for the Fourth Circuit has held that Rule 5:17(c) constitutes an adequate and independent state ground for the denial of habeas relief. Mueller v. Angelone, 181 F.3d 557, 584 (4th Cir. 1999). Therefore, Goulet's claims may not be reviewed by this court absent cause and prejudice or a miscarriage of justice to excuse the procedural default. Id. In an attempt to establish cause and prejudice, Goulet argues that he had "limited access to law material and very little knowledge of law." However, Goulet's pro se status and his unfamiliarity with the law do not constitute adequate grounds to excuse his procedural default. See Bonilla v. Hurley, 370 F.3d 494, 498 (6th Cir. 2004); Harris v. McAdory, 334 F.3d 665, 669 (7th Cir. 2003); Holloway v. Smith, 1996 U.S. App. LEXIS 6641 at * 2 (4th Cir. 1996) (unpublished); Steele v. Young, 11 F.3d 1518, 1522 (10th Cir.1993); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, the court agrees with the respondent that Goulet's petition must be dismissed.

## CONCLUSION

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 16th day of December, 2005.

_____
United States District Judge

3